**UNITED STATES of America, Plaintiff,**

v.

**CHRYSLER CORPORATION, Defendant.**

Civ. A. No. 76–0031.

United States District Court,
District of Columbia.

Sept. 13, 1977.

John E. Varnum, Land and Natural Resources Division, U. S. Dept. of Justice, Washington, D. C., for plaintiff.

James A. Hourihan, Hogan & Hartson, Washington, D. C., for defendant.

## FINDINGS OF FACT, CONCLUSIONS OF LAW

HART, District Judge.

This action arises from the improper assembly by defendant Chrysler Corporation of a number of 1974 model year vehicles of its RG engine family at its Hamtramck, Michigan plant. Inadequate quality control procedures which are designed to prevent mis-assembled vehicles from entering into commerce were allegedly responsible for the production of these incorrectly assembled vehicles.

The critical legal issue raised in this case is what test should be applied to determine whether a vehicle assembled with a different part than that specified for use on the vehicle in the manufacturer's application for certification is covered by the certificate of conformity applicable to that vehicle. Section 203(a)(1) of the Clean Air Act, 42 U.S.C. § 1857f–2(a)(1), provides in pertinent part:

> The following acts and the causing thereof are prohibited:
>
> (1) in the case of a manufacturer of new motor vehicles or new motor vehi-

cle engines for distribution in commerce, the sale, or the offering for sale, or the introduction, or delivery for introduction, into commerce . . . of any [such vehicle or engine] . . . unless such vehicle or engine is covered by a certificate of conformity issued (and in effect) under regulations prescribed under this part . . .

The certificate of conformity applicable to the Chrysler Corporation vehicles at issue here states that it covers "only those new motor vehicles or new motor vehicle engines which conform, in all material respects, to the design specifications described in the application for this certificate and which are produced during the 1974 model year production period of said manufacturer . . . . ."

After consideration of the parties' memoranda, stipulation of facts, and evidence presented at trial, the Court makes the following findings of fact and conclusions of law.

### I

### FINDINGS OF FACT

1. Defendant Chrysler Corporation (Chrysler) is organized under the laws of the State of Delaware, is engaged in the manufacture and sale of new motor vehicles in the United States, and is doing business within the District of Columbia.

2. In mid-1973 Chrysler submitted to the Administrator of the Environmental Protection Agency (EPA) an application for a certificate of conformity in order to market its 1974 model-year motor vehicles, pursuant to Title II of the Clean Air Act and the regulations thereunder.

3. On August 3, 1973, the Administrator of the Environmental Protection Agency issued a certificate of conformity to defendant Chrysler Corporation for its RG engine family, including the 198 and 225 CID (cubic inch displacement) engines, for use in, among others, Chrysler Corporation's Plymouth Valiant and Dodge Dart motor vehicles. The certificate of conformity states that it covers "only those new motor vehi-

cles or new motor vehicle engines which conform, in all material respects, to the design specifications described in the application for this certificate and which are produced during the 1974 model year production period of said manufacturer. . ."

4. During the period from August 14, 1973 to July 26, 1974, defendant Chrysler Corporation manufactured and delivered into commerce from its Hamtramck Assembly Plant 99,884 Plymouth Valiants and Dodge Darts of the RG engine family, of the following classifications:

(a) 198 CID—manual transmission— Non-California;
(b) 198 CID—automatic transmission— Non-California;
(c) 225 CID—manual transmission— Non-California;
(d) 225 CID—manual transmission— California; and
(e) 225 CID—automatic transmission— California.

5. Inspections by the Environmental Protection Agency and the State of California Air Resources Board (CARB) uncovered thirty-seven (37) vehicles which were found to be equipped with distributors, carburetors, exhaust gas recirculation values, and/or orifice spark advance controls with part numbers other than those which were designated by Chrysler on its application for certification for use of these vehicles.

6. The following list sets forth for each vehicle found by EPA or CARB to be assembled by Chrysler Corporation in one of ten incorrect configurations the EPA vehicle identification number, the vehicle description (engine size, transmission type, and whether Federal or California vehicle), incorrect component, and correct and incorrect part numbers:

### Cars Shipped to California

| | EPA Vehicle # | Description | Component | Part # found on Vehicle | Correct Part # |
|---|---|---|---|---|---|
| GROUP I: | 4, 16, 18, 19, 21, 22, 23, 24, 25, 26, 27, 29, 30, 31, 32, 33, 35, 36, 37 | 225–Auto–C | Distributor | 3755042 | 3755470 |
| GROUP III: | 17, 20, 28, 34 | 225–Man–C | Distributor | 3755037 | 3755467 |
| GROUP V: | 40 | 225–Auto–C | OSAC | 3755582 | 3755600 |
| GROUP VII: | 41 | 225–Auto–C | EGR | 3769958 | 3769660 |

### Cars Shipped to Other 49 States

| | EPA Vehicle # | Description | Component | Part # found on Vehicle | Correct Part # |
|---|---|---|---|---|---|
| GROUP II: | 5 | 225–Man–F | Distributor | 3755467 | 3755037 |
| GROUP IV: | 1, 2, 7 | 198–Man–F | OSAC | 3755582 | 3755600 |
| GROUP VI: | 8, 11 | 225–Man–F | OSAC | 3755600 | 3755582 |
| GROUP VIII: | 12, 13, 14, 15 | 198–Auto–F | OSAC | 3755600 | 3755582 |
| | | | EGR | 3830101 | 3769658 or 3830178 |
| GROUP IX: | 6 | 225–Man–F | Carburetor | 3830402 | 3751423 |
| | | | OSAC | 3755600 | 3755582 |
| GROUP X: | 9 | 225–Man–F | Carburetor | 3751421 | 3751423 |

7. Each of the vehicles described in paragraph 6 above were introduced or delivered for introduction into commerce by Chrysler.

8. The 37 vehicles referred to in paragraph 6 above were assembled at Chrysler Hamtramck Plant on the following dates:

| Vehicle No. | Build date |
| --- | --- |
| 41 | January 8, 1974 |
| 30 | February 18, 1974 |
| 17 | February 26, 1974 |
| 26 | April 11, 1974 |
| 28 | April 18, 1974 |
| 36 | April 22, 1974 |
| 25, 18 | April 26, 1974 |
| 11 | May 3, 1974 |
| 27 | May 7, 1974 |
| 23 | May 8, 1974 |
| 8 | May 28, 1974 |
| 9 | June 13, 1974 |
| 19,16 | June 18, 1974 |
| 21, 22, 32, 33, 35 | June 19, 1974 |
| 1, 2, 4, 20 | June 20, 1974 |
| 40 | June 21, 1974 |
| 29 | July 1, 1974 |
| 7 | July 2, 1974 |
| 5, 6, 31, 34, 37 | July 8, 1974 |
| 12, 13, 15 | July 12, 1974 |
| 14 | July 22, 1974 |
| 24 | Unknown |

9. The California mis-assembled vehicles were tested by the CARB. The CARB determined that the improper engine configurations met the requirements of its emissions regulations and took no enforcement action against Chrysler.

10. EPA has not conducted any testing on these vehicles nor does EPA possess any evidence that the incorrect engine configurations involved in this litigation cause emissions to be above applicable standards.

11. The four incorrect parts which were variously installed in the 37 vehicles in question were each a part which intimately relates to and is reasonably expected to affect emission controls.

12. There is no evidence that the 37 vehicles in question do not in fact conform to California and federal emission standards respectively.

13. There is evidence that the erroneously assembled vehicles in question do in fact conform to California and federal emission requirements respectively, but this evidence as it relates to the federal cars is based on tests that do not conform to federal test procedures approved by EPA.

## CONCLUSIONS OF LAW

The Court concludes, as a matter of law, that where one or more parts erroneously installed in a vehicle are of a nature intimately related to and which may reasonably be expected to affect emission controls, such vehicle is not covered by the certificate of conformity for the vehicle, even though it may in fact meet emission standards. Therefore, Chrysler has committed 37 violations of Section 203(a)(1) of the Clean Air Act, 42 U.S.C. § 1857f–2(a)(1).